UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                                Case No. 6:98-cr-91-Orl-19

**LEVONIA RIDLEY,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the Motion to Modify Sentence by Defendant Levonia Ridley. (Doc. No. 175, filed Jan. 26, 2010.)

## Background

Defendant Levonia Ridley was found guilty on Count I of the Indictment charging him with conspiracy with intent to distribute cocaine base and marijuana in violation 21 U.S.C. § 846. (Doc. No. 85 at 1, filed Sept. 30, 1998.) At the sentencing hearing on September 28, 1998, Defendant was sentenced to two hundred sixty-two (262) months of imprisonment. (*Id.* at 2.) Because the state court had not sentenced Defendant as of September 28, 1998, this Court did not impose its sentence to run concurrently to any state term of imprisonment. (Doc. No. 175 at 2-4.)

On January 26, 2010, Defendant moved this Court to modify the term of imprisonment in this case to run concurrently to a state term of imprisonment imposed after Defendant was sentenced in this case. (*Id.* at 1.)

**Analysis**

Pursuant to 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once it has been imposed except: (1) upon motion of the Director of the Bureau of Prisons; (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the term of imprisonment is based on a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines. *United States v. Celedon*, No. 08-17193, 2009 WL 3837329, at *1 (11th Cir. Nov. 18, 2009). None of these three prongs are satisfied here,[1] and the Court has no inherent authority to modify Defendant's sentence. *See United States v. Diaz-Clark*, 292 F.3d 1301, 1317-18 (11th Cir. 2002). Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence under 18 U.S.C. § 3582(c).

**Conclusion**

Based on the foregoing, the Motion to Modify Sentence by Defendant Levonia Ridley (Doc. No. 175) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 4, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[1] This Court previously reduced the length of Defendant's sentence pursuant to Section 3582(c) in light of Sentencing Guideline Amendment 706, which reduced certain base offense levels under U.S.S.G. § 2D1.1(c) for crack cocaine offenses. (Doc. No. 170, filed July 14, 2008.)

Copies furnished to:

Defendant
Attorney for Defendant
Attorney for the United States
United States Probation